# Case No. 25-20470

# In The United States Court of Appeals For the Fifth Circuit

---

Jocelyn Moreno,

*Plaintiff – Appellant*

v.

Dealer Integrated Services LLC,

*Defendant – Appellee*

---

## On Appeal from

United States District Court for the Southern District of Texas, Houston Division

No. 4:24-CV-00981

---

## REPLY BRIEF OF APPELLANT JOCELYN MORENO

---

SUBMITTED BY:

Ahad Khan
Texas Bar No. 24092624
712 Main Street, Suite 900
Houston, TX 77002
713-401-3558 – Telephone
ak@ahadkhanlaw.com - Email

# **TABLE OF CONTENTS**

TABLE OF CONTENTS………………………………………………………..ii

TABLE OF AUTHORITIES…………………………………………………... iii

ARGUMENT…………………………………………………………………….1

   I.  Moreno's Prima Facie Case is Not at Issue…………………………………1

  II.  The District Court Erred in Failing to Apply the Mixed-Motive Standard and the Record Creates a Genuine Dispute that Moreno's Pregnancy Was a Motivating Factor In Her Termination…………………………………………2

     A.  The Mixed-Motive Standard is Not Conditioned on a Concession……... 2

     B.  There is a Genuine Dispute of Material Fact that Moreno's Pregnancy Was a Motivating Factor in Her Termination…………………………4

     C.  DIS Failed to Prove as a Matter of Law it Would Have Terminated Moreno Regardless of Her Pregnancy and FMLA Leave………………..6

  III.  Genuine Issues of Material Fact Exist as to Pretext…………………………8

     A.  DIS's Explanations are Disputed by the Record…………………………8

     B.  DIS's Latest Rationale Underscores its Shifting and Pretextual Explanations……………………………………………………………10

CONCLUSION………………………………………………………………... 11

CERTIFICATE OF SERVICE…………………………………………………12

CERTIFICATE OF COMPLIANCE…………………………………………... 13

# TABLE OF AUTHORITIES

**CASES**

*Black v. Pan Am. Labs., LLC*, 646 F.3d 254 (5th Cir. 2011) ....................................4

*Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408 (5th Cir. 2007)........................................................................................................................10

*Caldwell v. KHOU-TV*, 850 F.3d 237 (5th Cir. 2017) ........................................8, 10

*Campos v. Steves & Sons, Inc.*, 10 F.4th 515 (5th Cir. 2021) ...............................3

*Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003) ...............................................3

*EEOC v. Ryan's Pointe Houston,* No. 19-20656, 2022 U.S. App. LEXIS 27079 (5th Cir. 2022)........................................................................................................5

*Gee v. Principi*, 289 F.3d 342 (5th Cir. 2002).....................................................10

*Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 F. App'x 328 (5th Cir. 2014). ............2

*Ion v. Chevron USA, Inc.*, 731 F.3d 379 (5th Cir. 2013).....................................6, 7

*Laxton v. Gap Inc.*, 333 F.3d 572 (5th Cir. 2003). ................................................5

*Smith v. Xerox Corp.*, 602 F.3d 320 (5th Cir. 2010) ..........................................2, 3

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013) ..............................2, 3

**STATUTES**

42 U.S.C. § 2000e-2(m) ........................................................................................3

**ARGUMENT**

## I.   Moreno's Prima Facie Case is Not at Issue

In its brief, Appellee Dealer Integrated Services LLC ("DIS") identifies the issues presented as including whether the district court erred in finding Appellant Jocelyn Moreno ("Moreno") failed to satisfy her prima facie burden. Appellee's Brief at 11. DIS also asserts that "the District Court entered a Memorandum and Opinion, finding that Moreno had failed to satisfy the prima facie cases of any of her claims." Appellee's Brief at 17. But the district court never made this finding.

The district court granted summary judgment on Moreno's discrimination, interference, and retaliation claims solely on the issue of pretext. ROA.250-51 ("[Moreno] has not 'provid[ed] sufficient evidence' that DIS's stated legitimate, nondiscriminatory [reasons] were a pretext" and "for the same reason her interference and retaliation claims must fail…").

In arguing that Moreno failed to establish a prima facie case of pregnancy discrimination, DIS itself acknowledges that the district court "disagreed with DIS on this point." Appellee's Brief at 26. Specifically, the district court determined that "for the purposes of establishing a prima facie case on summary judgment, Moreno has satisfied her initial burden." ROA.249.

The district court did not make a finding as to the prima facie case with respect to Moreno's FMLA claims, ruling instead solely on pretext. ("[A]s the Court

1

detailed above in its Title VII analysis, even if Moreno could establish a prima facie case of interference and retaliation . . . she cannot rebut DIS's legitimate reason for her termination."). ROA.251.

Thus, Moreno's prima facie case is not at issue in this appeal. *See Hague v. Univ. of Tex. Health Sci. Ctr.*, 560 F. App'x 328, 334 (5th Cir. 2014) ("[I]n light of no holding on the issue of a prima facie case, and as set forth infra, our conclusion that Hague has demonstrated pretext, we think it best to vacate and remand the judgment[.]").

## II. <u>The District Court Erred in Failing to Apply the Mixed-Motive Standard and the Record Creates a Genuine Dispute that Moreno's Pregnancy Was a Motivating Factor in Her Termination</u>

DIS contends that a mixed-motive analysis is inapplicable to Moreno's claims because she "did not directly concede that discrimination was not the sole reason for her discharge." Appellee's Brief at 33. This is legally and factually incorrect. No such concession is required and, even if it were, Moreno made the necessary showing.

### A. The Mixed-Motive Standard is Not Conditioned on a Concession

DIS argues that Moreno did not invoke the mixed-motive standard in her original complaint. This Court has clarified that plaintiffs are not required to elect to pursue either a mixed-motive or pretext case at the complaint stage of the proceedings. *Smith v. Xerox Corp*, 602 F.3d 320, 333 (5th Cir. 2010) ("[A] case

2

need not be correctly labeled as either a 'pretext' case or a 'mixed-motives' case…") (*abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013)). Further, the *Smith* court emphasized that "the mixed-motive framework does not require the plaintiff to concede that the employer's stated reason was legitimate. That is why we have juries." *Id.* As such, Moreno was not required to concede that she was terminated partially for reasons unrelated to her pregnancy or leave.

In any event, Moreno did invoke the mixed-motive standard in her complaint. Moreno cited the standard and argued that her "pregnancy is connected to her termination" based on "the attendant issues with managing her workload while she was to be out on maternity leave." ROA.15 at ¶¶ 70, 73. Further, in her response to DIS's motion for summary judgment, Moreno argued:

> <u>Even if the Court were to credit Defendant's claim that Moreno was terminated due to her colleagues' threats to quit</u>, summary judgment is still precluded. Under Title VII, an employer is liable for an adverse employment action if pregnancy was even one motivating factor—even when "other factors also motivated the practice." 42 U.S.C. § 2000e-2(m); *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 518 (5th Cir. 2021); *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

ROA.148 (emphasis added).

By acknowledging the possibility that factors other than her pregnancy (such as her colleagues' threats to quit) may have also motivated DIS's decision to

3

terminate her, Moreno meets the purported concession requirement. The district court erred in refusing to apply the mixed-motive standard.

### B. There is a Genuine Dispute of Material Fact that Moreno's Pregnancy Was a Motivating Factor in Her Termination

Upon reaching the merits, the record demonstrates that there is sufficient evidence to create a genuine issue of material fact that DIS's owner Jonathan Chad Roberts ("Roberts") impermissibly considered Moreno's pregnancy when he decided to terminate her.

Under the mixed-motive framework, plaintiffs have the burden of proving "that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic." *Black v. Pan Am. Lab., LLC*, 646 F.3d 254, 259 (5th Cir. 2011) (citations omitted). Moreno meets this burden, as DIS's own rationale confirms that Moreno's pregnancy and impending leave were motivating factors in her termination.

In Moreno's termination meeting, Roberts explicitly linked the resignation threats of Moreno's colleagues with coverage concerns arising from her upcoming pregnancy and FMLA leave, stating: "You're about to go on leave so…I can't lose two people when you're going to be taking a leave here soon." ROA.184. But for Moreno's pregnancy, she would not be set to go on leave. But for her leave, Roberts would not have the justification he used. And if Moreno had not been pregnant and scheduled for leave, her colleagues' threats would not have posed a coverage issue.

4

This admission places DIS's explanation within the scope of mixed-motive discrimination.

Further, Roberts made additional comments about Moreno's need for leave. During a meeting in which both Moreno, and Roberts himself, learned for the first time that Moreno was entitled to up to 12 weeks of FMLA leave, Moreno asked whether her job would be protected. ROA.173. In response, Roberts stated: "You're only going to be gone two months so yeah we'll keep your position and your job. But if it was three months, I wouldn't be able to cover that. I wouldn't be able to cover it for three months." ROA.173. Only four days after Roberts learned that Moreno was eligible for 12 weeks of leave and admitted he would not offer the full allotment, he terminated her employment. ROA.183-84.

Roberts's remark, combined with the timing of Moreno's termination, supports the conclusion that Moreno's pregnancy and leave played a role in her termination. *Laxton v. Gap, Inc.*, 333 F.3d 572, 583 (5th Cir. 2003) (holding that supervisor's remark expressing frustration over employee's pregnancy timing and impact on staffing "permitted [the jury] to infer discriminatory animus"); *see also EEOC v. Ryan's Pointe Houston*, No. 19-20656, 2022 U.S. App. LEXIS 27079, *19-20 (5th Cir. 2022) (decisionmaker's frustration that plaintiff intended to take full FMLA leave "supports the conclusion that [her] pregnancy played a role in her termination").

Additionally, Moreno's pregnancy factored into her colleagues' threats to quit. Their ultimatum was caused by Moreno's upcoming maternity leave. Moreno's testimony makes clear that her coworkers' push for her termination was prompted by their unwillingness to cover her duties while she was on maternity leave without the raise they were falsely promised by Office Manager Deborah Devine ("Devine"). ROA.176. Moreno summarized the situation as follows: "[T]hey used that to their benefit that I was pregnant and that I was going to be taking time off in a few months and they knew that [Roberts] wouldn't be able to . . . let them leave and me leave within a few weeks after." ROA.188.

Viewing these facts in the light most favorable to Moreno, a reasonable juror could find that her colleagues' threats to quit were not the sole reason for her termination and Moreno's pregnancy was a motivating factor. As such, Moreno has met her mixed-motive burden.

### C. DIS Failed to Prove as a Matter of Law it Would Have Terminated Moreno Regardless of Her Pregnancy and FMLA Leave

DIS's argument that it would have taken the same action regardless of Moreno's pregnancy or request for FMLA leave is unsupported by the record.

Once a plaintiff offers sufficient evidence to meet its burden under the mixed-motive framework, the burden shifts back to the employer to provide "sufficient evidence to establish as a matter of law that it would have taken the adverse employment action despite its [discriminatory] motive." *Ion v. Chevron USA, Inc.*,

731 F.3d 379, 390 (5th Cir. 2013). The employer's final burden "is effectively that of proving an affirmative defense." *Id.* (citations omitted). DIS failed to meet this burden.

In both its motion for summary judgment and its brief to this Court, DIS offers no actual evidence to support its conclusory assertion that it would have taken the same action regardless of Moreno's pregnancy or her request for FMLA leave. Appellee's Brief at 35; ROA.233. Instead, DIS merely alludes to the evidence it presented to meet its burden of production under the second step of the *McDonnell Douglas* framework. However, the final stage of the mixed-motive framework requires DIS to "meet a more stringent burden of persuasion." *Ion*, 731 F.3d at 392.

DIS's conclusory argument that it would have terminated Moreno regardless of her upcoming leave is contradicted by Roberts's statement during her termination: "You're about to go on leave so…I can't lose two people *when you're going to be taking a leave here soon.*" ROA.184 (emphasis added). DIS does not deny that Roberts made this statement.

In fact, DIS admits that Roberts's statement was based on "Moreno's upcoming scheduled leave and the financial and logistical difficulties DIS would have if it were to lose two other employees at the same time[.]" Appellee's Brief at 24. If Moreno had not been pregnant and scheduled for leave, the "financial and logistical difficulties" of losing two other employees "at the same time" would not

7

exist.  As such, DIS cannot meet its burden to prove as a matter of law that it would have terminated Moreno regardless of her pregnancy or leave.  That question must be left to a trier of fact, and summary judgment should be reversed.

## III.   Genuine Issues of Material Fact Exist as to Pretext

In responding to Moreno's pretext arguments, DIS continues to make assertions that, far from supporting a grant of summary judgment, instead highlight the genuine issues of fact that preclude dismissal.

### A. DIS's Explanations are Disputed by the Record

At the summary judgment stage, "the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." *Caldwell v. KHOU-TV*, 850 F.3d 237, 242 (5th Cir. 2017) (citation omitted).  DIS claims that it is undisputed that Moreno was terminated "after she refused to professionally communicate with her colleagues for months, creating such a hostile work environment that they all threatened to quit if she was not dismissed."  Appellee's Brief at 19.  However, this explanation is disputed by the record.

Moreno's testimony establishes that it was Valerie De la Cruz ("De la Cruz") and Patricia Mauricio ("Mauricio") who refused to communicate with her professionally.  *See* ROA.162 ("[De la Cruz] no longer really spoke to me when I would go into the office. I would say 'good morning,' she would ignore me."); *see*

8

*also* ROA.164 ("[O]nce [De la Cruz] started giving me kind of the cold shoulder, [Mauricio] followed her lead.").

Further, the record shows that Moreno did not create the workplace tensions that culminated in her colleagues' threats of resignation. Instead, the hostility was cultivated by Devine, whom a neutral employee identified as the recurring source of office toxicity. *See* ROA.196 ¶ 5 ("When it came to office toxicity and animosity, Devine was often involved."). Devine granted De la Cruz access to view all employees' pay records. ROA.177-78. Upon discovering the disparity between her own pay and Moreno's, De la Cruz became frustrated, and her demeanor toward Moreno changed. ROA.179. Devine further compounded the issue by falsely promising De la Cruz and Mauricio salary raises for covering Moreno's duties during her impending leave. ROA.167-68. When Roberts refused to approve their raises, De la Cruz and Mauricio directed their frustration at Moreno and threatened to resign if she was not terminated. ROA.175-76; ROA.188.

The fact that employees could demand the firing of a pregnant coworker as a condition of their continued employment, and that DIS took no issue with such a demand, can be used by a reasonable juror to find in favor of Moreno. As such, a genuine issue of fact exists as to pretext, and summary judgment should be reversed.

9

**B. DIS's Latest Rationale Underscores its Shifting and Pretextual Explanations**

DIS's brief adds yet another shifting and inconsistent explanation for Moreno's termination.  In its conclusion, DIS asserts for the first time that Moreno was terminated "for usurping authority."  Appellee's Brief at 38.  This unsupported assertion represents a new rationale, expanding the list of shifting justifications it has proffered throughout litigation.  *See* Appellant's Brief at 29-30 (describing DIS's shifting explanations).

Such inconsistent explanations for a decision "cast doubt" on their truthfulness.  *Caldwell*, 850 F.3d at 242 (citing *Gee v. Principi*, 289 F.3d 342, 347-48 (5th Cir. 2002).  Indeed, this Court has determined that an employer's inconsistent explanations at different times "permit[] a jury to infer that the employer's proffered reasons are pretextual."  *See Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 412 n.11 (5th Cir. 2007) (citing *Gee*, 289 F.3d at 347-48).

Further belying this explanation, DIS cites no record evidence to support its claim that Moreno usurped authority.  DIS's ever-evolving rationales underscore its pretextual justifications for terminating Moreno's employment.  These points, together with the reasons set forth in Moreno's principal brief, establish a genuine issue of fact as to pretext.  *See* Appellant's Brief at 27-37. Accordingly, summary judgment should be reversed.

## **CONCLUSION**

Moreno does not ask this Court to decide the facts in her favor; she only asks that the factual disputes be left for a jury to decide.  Because a reasonable juror could find in Moreno's favor, she respectfully asks this Court to reverse the summary judgment granted against her.

Respectfully submitted,


/s/ Ahad Khan
Ahad Khan
Texas Bar No. 24092624
712 Main Street, Suite 900
Houston, TX 77002
713-401-3558 – Telephone
ak@ahadkhanlaw.com - Email

Counsel for Plaintiff-Appellant
Jocelyn Moreno

11

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was filed with the United States Court of Appeals for the Fifth Circuit and served electronically via the ECF filing system upon counsel of record listed below on the 12th day of February 2026.

Gregg M. Rosenberg
Rosenberg & Associates
3518 Travis Street, Suite 200
Houston, TX 77002
gregg@rosenberglaw.com

/s/ Ahad Khan
Ahad Khan
Counsel for Plaintiff-Appellant

12

## **CERTIFICATE OF COMPLIANCE**

1.  This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1, this document contains 2,370 words.

2.   This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.106 with a 14-point font named Times New Roman.

/s/ Ahad Khan
Ahad Khan
Counsel for Plaintiff-Appellant

13